UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Derek Knorr,　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　Plaintiff,　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
v.　　　　　　　　　　　　　　　　) Civil Action No. 17-1391 (UNA)
　　　　　　　　　　　　　　　　　)
U.S. Securities and Exchange Commission., )
　　　　　　　　　　　　　　　　　)
　　　　Defendant.　　　　　　　　)

## MEMORANDUM OPINION

Plaintiff, appearing *pro se*, seeks a writ of mandamus to compel action by the U.S. Securities and Exchange Commission ("SEC"). He also has filed a motion to seal the case and a motion for leave to proceed *in forma pauperis* ("IFP"). The Court will grant plaintiff's motion to proceed IFP, deny his motion to seal,[1] and dismiss this action pursuant to 28 U.S.C. § 1915(e) (2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

The extraordinary remedy of a writ of mandamus is available to compel an "officer or employee of the United States or any agency thereof to perform a duty owed to plaintiff." 28 U.S.C. § 1361. The plaintiff bears a heavy burden of showing that his right to a writ of mandamus is "clear and indisputable," *In re Cheney*, 406 F.3d 723, 729 (D.C. Cir. 2005) (citation omitted),

---

[1] "[T]here is a 'strong presumption in favor of public access to judicial proceedings.' " *Metlife, Inc. v. Fin. Stability Oversight Council*, ___ F.3d ___, ___, 2017 WL 3255173, at *3 (D.C. Cir. Aug. 1, 2017), quoting *United States v. Hubbard*, 650 F.3d 293, 317 (D.C. Cir. 2013). Plaintiff's Motion to Seal states nothing to overcome that presumption first because this is not a whistleblower action, as his premise suggests, and second because the alleged facts forming the basis of this action also formed the basis of plaintiff's previously dismissed action, which is public. *See Knorr v. United States Sec. & Exch. Comm'n.*, No. 1:16-Cv-00610, 2016 WL 8286156, at *1 (D.D.C. Apr. 1, 2016), *subsequently aff'd sub nom. Knorr v. Sec. & Exch. Comm'n*, 672 Fed. App'x 5 (D.C. Cir. 2016), *cert. denied sub nom. Knorr v. S.E.C.*, 137 S. Ct. 1232 (2017).

1

and "[i]t is well settled that a writ of mandamus is not available to compel discretionary acts," *Cox v. Sec'y of Labor*, 739 F. Supp. 28, 30 (D.D.C. 1990) (citing cases).

The instant petition stems from the SEC's alleged initial failure to act on plaintiff's whistleblower complaints of "illegal activity from an entity under the [SEC's] jurisdiction," which he began submitting in the Fall of 2014. Pet. at 3. Plaintiff acknowledges that eventually "the SEC had, for the most part, performed all actions Plaintiff had asked for in his Whistleblower complaints," but yet claims that he was "forced to file" this action "and expose himself as a Whistleblower" after his alleged fruitless contacts with "the head of the U.S. Finance Committee, two Directors of the SEC, the Government Accountability Office, and even the U.S. Solicitor General." *Id.* at 4-5. Only the Solicitor General responded with "a letter saying he would not take action." *Id.* at 5.

Plaintiff seeks an order to compel the SEC to include him "on the Whistleblower Awards List," which he contends would "start[ ] an SEC review process evaluating whether or not an award can be paid." *Id.* at 9. Plaintiff also seeks an order to compel (1) the defendant to publish in the SEC Weekly Bulletin "a brief of no less than 200 words explaining this case," where plaintiff would have "right of final edit," and (2) compensation "for the Copyright usage of Plaintiff's Whistleblower Complaint . . . and irreparable damages arising from compromise of Whistleblower's personal identity." *Id.* By its terms, the mandamus statute does not provide a monetary remedy.

Plaintiff faults the SEC for allegedly refusing to take "administrative actions . . . against the offending entity," which he suggests is the path to obtaining a "Whistleblower Award." Pet. at 4. But the United States Attorney General has absolute discretion in deciding whether to investigate claims for possible criminal or civil prosecution. As a general rule applicable here,

such decisions are not subject to judicial review. *Shoshone-Bannock Tribes v. Reno*, 56 F.3d 1476, 1480-81 (D.C. Cir. 1995); *see Wren v. Merit Sys. Prot. Bd.*, 681 F.2d 867, 876 n.9 (D.C. Cir. 1982) (noting that there is "substantial precedent to the effect that federal mandamus does not ordinarily lie under 28 U.S.C. § 1361 to compel prosecutions or even investigations"); *Wightman-Cervantes v. Mueller*, 750 F. Supp. 2d 76, 80 (D.D.C. 2010) ("[A]n agency's decision whether to prosecute, investigate, or enforce has been recognized as purely discretionary and not subject to judicial review."), citing *Block v. SEC*, 50 F.3d 1078, 1081-82 (D.C. Cir. 1995)(other citation omitted).

For the foregoing reasons, the Court concludes that plaintiff has shown no entitlement to a writ of mandamus; therefore, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: August 11, 2017

United States District Judge